

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COALITION OF CLERGY, et. al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GEORGE WALKER BUSH, et. al.,<br><br>　　　　Defendants. | CASE NO. CV 02-570 AHM (JTL)<br><br>ORDER TO SHOW CAUSE<br>RE JURISDICTION |

Petitioner having filed a "Verified Petition For Writ of Habeas Corpus" on Sunday, January 20, 2002; the Office of the United States Attorney for this District having obtained a copy of the petition that day; the Court having instructed the parties that day to appear at a hearing this morning; counsel for the petitioners having appeared along with representatives of the U.S. Attorney's Office (who purported to make a "Special Appearance" on behalf of the respondents); the Court having circulated to those attorneys a draft Order to Show Cause; the attorneys having agreed to the issuance of such an Order and to the briefing schedule described below; and good cause therefor having been shown, RESPONDENTS ARE HEREBY ORDERED TO SHOW CAUSE WHY they should not be subject to the jurisdiction of this Court in a habeas corpus proceeding purportedly brought under 28 U.S.C. § 2241 *et seq.* on behalf of

persons allegedly held by them at the U.S. Naval Station, Guantanamo Bay, Cuba ("GITMO").

    In responding to this Order, respondents shall address all jurisdictional issues raised by the Verified Petition filed by the Petitioners in this case, including (but not necessarily limited to) the following:

1. Is Habeas Corpus an available remedy for the detainees held at Guantanamo Bay ("detainees")? (*See, e.g. Johnson v. Eisentrager*, 339 U.S. 763, 70 S. Ct. 936 (1950)).

    (a)    In order for this Court to have jurisdiction over these detainees, must GITMO be within the territorial jurisdiction of the United States?

    (b)    If so, is GITMO, which evidently was leased in perpetuity to the United States, within the territorial jurisdiction of the U.S.?

    (c)    (i)    Is the U.S. currently subjecting the detainees to the powers and procedures of a Military Commission? If not, how could a civilian court – this Court – be interfering with the constitutional powers of the Executive Branch if it entertains this petition?

            (ii)    If the U.S. convenes a Military Commission in the future, would that fact alone deprive this Court of jurisdiction, assuming that these detainees are "alien enemies?" (To be an "alien enemy," must the detainee be the subject of a foreign state at war with the U.S.? See *Johnson*, fn. 2).

    (d)    To what extent do these detainees have the characteristics of the prisoners in *Johnson*? That is,

          (i)     enemy alien;

          (ii)    has never resided in the U.S.;

          (iii)   was captured outside of our territory and there held in military custody as a prisoner of war;

          (iv)   was tried and convicted by a Military Commission sitting outside the U.S.;

          (v)    for offenses against the laws of war committed outside the U.S.

          (vi)   and is at all times imprisoned outside the U.S.

(e)  (i)     To what extent do these detainees have rights under the Geneva Convention?

     (ii)    Assuming they are protected by the Geneva Convention, to what extent (if any) does that treaty obligation of the United States affect this Court's jurisdiction?

(f)    Assuming these detainees are "unlawful combatants" and not "prisoners of war," what rights <u>do</u> they have? What court or tribunal is empowered to safeguard those rights?

2.    Are the "detainees" required to exhaust any administrative or military remedies prior to asserting a habeas petition in this Court?

3.    Do the named petitioners have standing to pursue this claim on behalf of the detainees? (*See, e.g. Whitmore v. Arkansas*, 495 U.S. 149, 115 S. Ct. 1717 (1990))

4.    (a)   Assuming *a* U.S. District Court has jurisdiction over this claim, does *this* Court have jurisdiction, in light of the fact that both the detainees and those responsible for their detention are not present in this district? (*See*, e.g., *Hirota v. MacArthur*, 338 U.S. 197, 69 S.Ct. 1238, 1239 (1949) (concurring opinion); *Braden v. 30th Judicial Court*, 410 U.S. 484, 93 S.Ct. 1123 (1973); *Kinnell v. Warner*, 356 F. Supp. 779 (D. Hawaii

1979)). *See also* 28 U.S.C. § 1391(e).

    (b)    Even if this Court does have jurisdiction, is there a more convenient or appropriate forum?

## BRIEFING AND HEARING SCHEDULE

Respondents shall file their response by not later than 12:00 noon on January 31, 2002. They shall hand serve (or fax) petitioners' counsel and shall lodge two courtesy copies with the Court.

Petitioners shall file their reply by not later than 12:00 noon on February 8, 2002. They shall hand serve (or fax) respondents' counsel and shall lodge two courtesy copies with the Court.

The Court requests that these briefs be pithy and deal only with the question of this Court's jurisdiction.

The Court will conduct a hearing on February 14, 2002 at 1:30 p.m.

IT IS SO ORDERED.

DATE: January 22, 2002

_____
A. Howard Matz
United States District Judge

4